CALOGERO, Justice,
concurring.
Plaintiffs amended petition and memorandum in an opposition to defendant’s peremptory exceptions and motion for summary judgment sufficiently establish in my view that plaintiff seeks the recovery of a community asset [funds resulting from the sale of properties formerly belonging to Kehoe Day Camp and Swimming School, Inc.] in possession of defendants Catharine, Thomas and Mrs. Charles Y. Kehoe as opposed simply to an accounting for corporate assets by the corporate officers. Furthermore, while I don’t believe that plaintiff can secure a money judgment in her favor against the defendants Catherine and Mrs. Charles Kehoe, nor against her husband Thomas Kehoe [her ultimate entitlement in the pending partition proceedings is to only her share of the community which existed between her and her husband Thomas after all debts or other liabilities are paid], I nonetheless concur in the Court’s denial of this writ application because under La.C.C.P. art. 686 “[e]ither spouse is the proper plaintiff, during the existence of the marital community, to sue to enforce a community right, ...”